UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAREEM WARD,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER #0072, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-5, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

                Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N.Y
★ JUN 14 2011 ★
BROOKLYN OFFICE

**CV 11-2848**

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

BLOCK, J.

REYES, M.J

**SUMMONS ISSUED**

    Plaintiff KAREEM WARD, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff KAREEM WARD is an African-American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants U.C. #0072 and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about October 14, 2010 at approximately 6:45 p.m., plaintiff KAREEM WARD was lawfully present in the vicinity of 2950 W. 23rd St. in Kings County in the City and State of New York.

14. At the aforesaid time and place defendant officers approached plaintiff and immediately searched him uncovering no evidence of criminal or unlawful activity.

15. Thereafter, defendants placed plaintiff under arrest, handcuffing his arms tightly behind his back, and charged him with Criminal Possession of a Controlled Substance and Criminal Sale of a Controlled Substance for incidents they alleged took place on or about October 1, 2010.

16. At no time on October 1, 2010 did plaintiff KAREEM WARD possess or control any amount of controlled substance nor did he act unlawfully in any way.

17. At no time on October 14, 2010 did defendants possess probable cause to arrest plaintiff.

18. At no time on October 14, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19. As a result of his unlawful arrest plaintiff KAREEM WARD spent approximately thirty-six (36) hours in police custody and approximately five (5) months being prosecuted in connection with these false charges.

22. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Specifically, defendants falsely alleged that plaintiff sold crack cocaine to defendant UNDERCOVER OFFICER #0072.

25. Despite defendants actions all charges against plaintiff KAREEM WARD were dismissed on March 29, 2011.

26. As a result of the foregoing, plaintiff KAREEM WARD sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff KAREEM WARD of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff KAREEM WARD.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff KAREEM WARD.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff KAREEM WARD.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff KAREEM WARD.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff KAREEM WARD.

45. Defendants acted with malice in continuing criminal proceedings against plaintiff KAREEM WARD.

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, specifically defendants falsely alleged plaintiff sold crack cocaine to defendant UNDERCOVER OFFICER #0072.

47. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff KAREEM WARD's favor on or about March 29, 2011 when the charges against him were dismissed.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50. Defendants created false evidence against plaintiff KAREEM WARD, specifically defendants falsely alleged plaintiff sold crack cocaine to defendant UNDERCOVER OFFICER #0072.

51. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

52. Defendants misled the prosecutors by creating false evidence against plaintiff KAREEM WARD and thereafter providing false testimony throughout the criminal proceedings.

53. In creating false evidence against plaintiff KAREEM WARD, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants arrested and incarcerated plaintiff KAREEM WARD in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;
>
> ii. arresting innocent persons wrongfully apprehended during buy-and-bust operations;
>
> iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

60. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court,

Eastern District of New York, 01 CV 5750;

- **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

- **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff KAREEM WARD.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by KAREEM WARD as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff KAREEM WARD as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KAREEM WARD was incarcerated unlawfully for approximately thirty-six (36) hours and all charges were dismissed on or about March 29, 2011.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff

KAREEM WARD.

66. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff KAREEM WARD's constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff KAREEM WARD of federally protected rights, including, but not limited to, the right:

    i. Not to be deprived of liberty without due process of law;

    ii. To be free from seizure and arrest not based upon probable cause;

    iii. To be free from unwarranted and malicious criminal prosecution; and

    iv. To receive equal protection under the law.

71. As a result of the foregoing, plaintiff KAREEM WARD is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff KAREEM WARD demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
      June 9, 2011

BY: _____
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
jfitch@cohenfitch.com